SALVATORE PEGGO, Appellant, *v.* THOMAS DINAN, Respondent.

*A dismissal of the complaint "upon the merits" held to be improper.*

The judge presiding at a jury trial has no power, at the close of all the evidence, to dismiss the complaint "upon the merits," as such a dismissal substitutes the court for the jury in passing upon a question of fact and thus impairs the right of trial by jury. (Per GOODRICH, P. J.)

Where, on the trial of an action to recover damages for personal injuries, the defendant, at the close of the plaintiff's case, moves for a nonsuit on the grounds "that no actionable negligence has been proven against the defendants," and "that plaintiff has not been shown to be free from contributory negligence," and the decision of the motion is reserved until the close of the defendant's evidence, and at such time a motion is made "to dismiss upon the grounds stated upon the motion to dismiss made at the close of the plaintiff's case," the clerk has no power to enter a judgment dismissing the complaint "on the merits," and an order made by the judge presiding at the trial, refusing to amend the judgment by striking out the words, "upon the merits," should be reversed.

JENKS and WOODWARD, JJ., dissented.

APPEAL by the plaintiff, Salvatore Peggo, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Dutchess on the 2d day of August, 1901, denying the plaintiff's motion to amend the judgment entered in the action.

*Jonathan Deyo*, for the appellant.

*Abram J. Rose*, for the respondent.

GOODRICH, P. J.:

The plaintiff appeals from an order of the Special Term denying his motion to amend the judgment in question, so as to make it read that "a judgment of nonsuit be directed to be entered herein, instead of that the said complaint be dismissed upon the merits." The motion at the close of the plaintiff's case to nonsuit was renewed at the close of all the evidence, and the motion was granted. It was not stated to be "upon the merits," but the judgment contains such a phrase. I think that the court, on a jury trial, has no power at the close of the whole evidence to dismiss "upon the merits," as such a dismissal substitutes the court for the jury in passing

upon a question of fact and thus impairs the right of trial by jury. (See *Mannion* v. *Broadway, etc., R. R. Co.*, 18 N. Y. Civ. Proc. Rep. 40.)

It was held in *Wheeler* v. *Ruckman* (51 N. Y. 391) that where upon the trial of a legal action, at the close of the testimony upon both sides, the complaint is dismissed, it is no bar to another action for the same cause; but if the court has power to dismiss on the merits, and does .so, within the principle of *res judicata* the judgment would be a bar to another action.

The court may direct a verdict for the defendant only where there is no question of fact, in which case the correctness of the direction is. a question of law subject to review, with the important advantage to the plaintiff of the most favorable view of the evidence.

The court may grant a nonsuit or dismissal, because the plaintiff has failed to establish his case, and this leaves the plaintiff.to a review on appeal where the question is one of law or to the bringing of a new action.

Besides, as the defendant's motion at the close of the plaintiff's case was for a nonsuit, and the motion at the close of the whole testimony was renewed "to dismiss, upon the grounds stated upon the motion to dismiss made at the close of the plaintiff's case," and the motion was granted, it does not appear that the court granted a a motion to dismiss the complaint on the merits. It was, therefore, not within the power of the clerk to enter a judgment dismissing the complaint on the merits, as that was not the decision of the court at the trial.

A motion to amend the judgment by striking out the words "upon the merits" is the proper remedy, and the refusal so to order is subject to review on appeal. The order appealed from should be reversed.

Concurring memorandum by HIRSCHBERG, J., with whom BARTLETT, J., concurred; JENKS, J., read for affirmance, with whom WOODWARD, J., concurred.

HIRSCHBERG, J. (concurring):

I concur with GOODRICH, P. J. When a motion is distinctly and expressly made for a "nonsuit," and such motion is granted, the

result is a nonsuit and not a judgment upon the merits. The clerk had no lawful authority to enter the judgment which he did, nor could the individual justice who presided at the trial afterwards ratify the act at Special Term.

BARTLETT, J., concurred.

JENKS, J. (dissenting):

I dissent. This is an appeal from an order of the Special Term denying plaintiff's motion to amend the judgment, entered on December 10, 1900, so that it may read that "a judgment of nonsuit be directed to be entered herein, instead of that the said complaint be dismissed upon the merits." The justice presiding at the Special Term whereat the motion came on to be heard sent the motion to the learned justice who had presided at the term where the action was tried.

It appears from the record of the trial that, at the close of plaintiff's case, the defendant moved for a nonsuit on the grounds "that no actionable negligence has been proven against the defendants," and "that plaintiff has not been shown to be free from contributory negligence." The decision under objection was reserved until the close of the case for the defendant. Thereupon the defendant put in his case, and at the conclusion of the evidence the defendant renewed "the motion to dismiss, upon the grounds stated upon the motion to dismiss made at the close of the plaintiff's case. Motion granted." This ruling was made under exception, and in the face of a request of the plaintiff for a submission to the jury. I think that the form in which the counsel expressed his motion did not preclude the court, in passing upon that motion, from a disposition of the case upon the merits.

I naturally assume that the learned trial justice, who also heard the motion at Special Term, knew perfectly well what disposition he intended to make of the case upon the trial. The nature and character of the judgment is to be determined by the disposition made by the trial court upon the evidence, and "a decision disposing of the case on the merits is properly rendered on a motion for a dismissal of the complaint." (*Deeley* v. *Heintz*, 169 N. Y. 130, 134.) I think that the learned trial justice had the power to dismiss the complaint upon the merits. Thus, in the case of *McDonald*

v. *Metropolitan Street Railway Co.* (167 N. Y. 66), which is a cogent reassertion of the maxim " *Ad quæstiones facti non respondent judices,*" it is said : " If the evidence is insufficient, or if that which has been introduced is conclusively answered, so that, as a matter of law, no question of credibility or issue of fact remains, then the question being one of law, it is the duty of the court to determine it." (See, too, *Laidlaw* v. *Sage,* 158 N. Y. 73, 89 *et seq.*) It is unimportant whether the clerk was authorized to enter such a judgment upon the record, because it now appears that the judgment as it stands has had the subsequent approval of the court which made the decision (*Card* v. *Meincke,* 70 Hun, 382), and I think that such approval was fairly within the inherent power of the court over its own judgments. (See *Petrie* v. *Trustees of Hamilton College,* 92 Hun, 81, and authorities cited.)

I think that the question presented by this appeal is not whether the disposition made by the learned court at Trial Term was erroneous upon the facts and the law, but whether it had the right to make a decision of dismissal upon the merits. In *Martin* v. *Cook* (14 N. Y. Supp. 329 ; affd., 142 N. Y. 654), the court (VAN BRUNT, P. J., and DANIELS, J.) say : " Where a complaint is dismissed because of failure of proof, the dismissal is not upon the merits, because the merits are not involved, the complaint being dismissed because of the want of merit in the proof. It is only where a *prima facie* case is made out, and proof offered to rebut it, that the merits are involved." In the case at bar a *prima facie* case was made out, and proof was offered to rebut it.

WOODWARD, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to amend granted, with ten dollars costs.