(74 App. Div. 572.)

## FLET v. HUNTER ARMS CO.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

**1. INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.**

> Plaintiff, who had been in defendant's employ for 12 years, was directed by the foreman to assist in moving a piece of iron. The foreman handed the other men a broom handle, and put it under the iron, and told one man to take hold of each end, and plaintiff to take hold of the end of the iron behind them. The broom handle broke, letting the iron fall on plaintiff. Defendant had not supplied the broom handle for that purpose, and had supplied plenty of sticks in the shop, which could have been safely used. *Held*, that defendant was not liable for the injury.

Appeal from trial term, Oswego county.

Action by Charles Flet against the Hunter Arms Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

The action was commenced on the 3d day of July, 1901, to recover damages for injuries sustained by the plaintiff on the 26th day of November, 1900, alleged to have been caused through the negligence of the defendant.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, SPRING, and HISCOCK, JJ.

James Devine, for appellant.
O. M. Reilly, for respondent.

McLENNAN, J. The facts, as the plaintiff claims they exist, and, as we must assume, were found by the jury, are as follows: The defendant is a domestic corporation, and at the time in question was engaged in the manufacture and sale of firearms at the village of Fulton, N. Y. It had in its employ a Mr. Frank Stafford, who was foreman of one of its shops, called the "Pickling Room," in which about 60 men were employed, and was charged with the duty of directing what particular work should be done in that room, and as to the manner of doing it. On the morning of the 26th day of November, 1900, at about 7:15 a. m., the plaintiff, who had been in the employ of the defendant for about 12 years, engaged principally in running a punch press and working in the pickling room, but who also did general work,—whatever he was requested to do by the foreman,—and who was entirely familiar with the shop and its surroundings, and had helped to move all the machines, was directed by the foreman, in connection with two other employés, to move a bedplate of iron, about 5 feet long and 18 inches wide, weighing about 500 pounds, which was lying upon a bench about 2 feet from the floor. The plaintiff and his associates found the bedplate too heavy to move conveniently, and so informed the foreman. The foreman thereupon picked up an old broom handle, placed it under the bedplate, and directed plaintiff's associates to take hold of it,—one at each end,—and the plaintiff to take hold of the end of the bedplate behind them, and thus carry it. They did as directed, and had proceeded but a

short distance when the broom handle broke, and the bedplate fell to the floor, striking the plaintiff's leg and seriously injuring him.

There is no suggestion that the foreman was not competent to perform his duties as such, that the place in which the accident occurred was unsafe, or that the defendant did not furnish ample and suitable material and appliances for moving the bedplate in question. In fact, it appears that there were plenty of sticks about the shop with which the plate could have been carried safely. The one selected by the foreman was not suitable, and because of that fact the accident resulted. The work being done was of the simplest character; it was attended with no hidden danger; and the plaintiff was quite as well qualified to judge of the feasibility of the method adopted to carry the plate, and as to whether or not the stick used was suitable for that purpose, if he had examined it, as was the foreman. Under these circumstances, we think it clear that the defendant was not guilty of negligence, and that the negligence, if any, which caused the accident, was the negligence of a co-employé, for which the defendant is not liable. The broom handle was not furnished by the defendant for the purpose of moving the bedplate in question, or for use in connection with work of that character, and the fact that it was improperly selected and used for that purpose by the foreman can in no manner create a liability as against the defendant. There were materials and means at hand to have enabled the coemployés to move the bedplate with perfect safety. The fact that they did not avail themselves of them, but used unsuitable material instead, which caused injury to one of their number, was their own fault, and for which the defendant is not liable.

The precise question involved was decided by the general term, Fifth department, in the case of Mahoney v. Oil Co., 76 Hun, 579, 28 N. Y. Supp. 196. In that case the plaintiff, with other employés of the defendant, was engaged in lowering a heavy tank through a hole made for that purpose in an upper floor of defendant's building. In order to facilitate the work, the foreman placed a plank over the hole, and directed the plaintiff and his associates to go upon it in performing their work. The plank broke because of its unsound and defective condition, and the plaintiff fell, and sustained serious injuries. It appeared that plank suitable for the work had been furnished by the defendant. It was held that the plaintiff could not recover. Judge Bradley, in writing the opinion of the court, said:

"In such a case it would seem that the act of making use of the appliances for such purpose is within the details of the work of the coemployé, rather than of the master or his representative. Hogan v. Smith, 125 N. Y. 774, 26 N. E. 742; Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854. The fact that the employé who placed the plank over the hole in the floor was foreman in the work has no particular significance upon this question. Whether an act or omission having relation to the service of the employés is that with which the master is chargeable is dependent upon the nature of the act, and not upon the grade of the service of the person whose act or default may come in question between the master and an employé. The relation of the foreman to the other workmen was that of coemployé, except as to such acts performed by him as were embraced in the duties of the defendant. Loughlin v. State, 105 N. Y. 159, 11 N. E. 371; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905."

After calling attention to the leading cases decided by the court of appeals bearing upon this question, the learned judge concludes:

"If these views are correct, it follows that, to whatever negligence the injury to the plaintiff may have been attributable, it was that of the coemployés, or some one or more of them, and was within the hazards assumed by him in the service."

We think the decision in the Mahoney Case, which is fully sustained by many decisions of the court of appeals to which attention is called in the opinion of Judge Bradley, must be regarded as decisive of the case at bar. It follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur.