HACKETT v. MASTERSON.

(Supreme Court, Appellate Division, Second Department.   November 20, 1903.)

1. MASTER AND SERVANT—NEGLIGENCE—COMPLAINT — ALLEGATIONS — ADMISSIONS.

Where, in an action by a servant against the master for injuries, the complaint alleged that defendant "owned or had control of the rolling stock, equipments, and appliances used in the work," the allegation being preliminary and general, its admission by the answer cannot be construed as an admission by defendant that he owned and controlled an implement which he had never furnished for the work, nor permitted to be used therein.

2. SAME—LIABILITY OF MASTER—APPLIANCES—USE OF APPLIANCE NOT FURNISHED.

Where the master furnishes adequate appliances for the work, he is not liable for injuries to a servant resulting from a part of the apparatus

furnished by him being used in conjunction with an implement not fur-
nished by him, but substituted without his notice, even though his fore-
man was instrumental in the use of such implement.

3. SAME—TRIAL—JUDGMENT—DETERMINATION OF MERITS.
    Where a judgment is set aside because plaintiff failed to make out a
    case, a judgment dismissing the complaint should not record that the dis-
    missal was "on the merits."

Appeal from Trial Term, Nassau County.

Action by Peter B. Hackett against William H. Masterson. From
an order setting aside the verdict of a jury, and from a judgment
in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

George Wallace, for appellant.
H. Snowden Marshall (George H. Abbott, on brief), for respondent.

JENKS, J. This is an action for negligence by servant against
master. The servant was at work laying a pipe line. A pipe was
raised by a derrick, and a rope sling was attached by a hook to a
railroad rail, which had been put through the pipe to be laid extend-
ing into the pipe then in place. After the pipe was raised, something
gave way, and the plaintiff was struck and injured by the end of the
rail over which he was standing in the inside of the pipe, then in posi-
tion. The plaintiff complains that the hook was improper, and there-
fore slipped and gave way, and that such hoisting apparatus, with
such hook, was an unsafe appliance for the work. The plaintiff tes-
tifies that the ordinary method was to use a derrick and a rope sling,
and that, although he had worked at laying pipe for two or three
months, this was the first time that a rail had been thus used. His
witness Abrams, a fellow servant, testifies that he had never hereto-
fore seen a pipe thus moved. His witness Malloy, the foreman, tes-
tified that he had never thus used this rail on this work before, and
that, so far as he knew, none of the workmen had ever seen such
use. The defendant's witness Cooper, who was in charge of the
derrick at the time of the accident, testified that he had operated
the hoisting engine and derrick for four months before the acci-
dent, and that he had never seen the rail used in that way. The
plaintiff testified that the rail was one of the Long Island Railroad
rails, but that he could not state whether it belonged to the rail-
road, or where it belonged. Cooper testified that he did not know
where the rail was obtained, but that he had nothing to do with its
placing. Plaintiff's witness Monds testified that the work was do-
ing alongside of the track of the Long Island Railroad; that he had
seen numerous rails lying alongside of the track; that the rail in ques-
tion was smaller than the Long Island Railroad rails; that, how-
ever, there are two sizes, and that the ones they are "throwing out"
are smaller than the ones they are putting in. On the other hand,
there was no evidence that the railroad·iron was an appliance owned,
controlled, furnished, or authorized by the master. True, the wit-
ness Monds does say that it was "the same rail that was used for
months there," but he does not say that it was ever used as part of the

hoisting apparatus. And his testimony may be reconciled with the other testimony by noting that the plaintiff testified that they generally "shove it home with bars or by hand."

The learned counsel for the appellant argues that the plaintiff was not bound to bring the use of the rail home to the master, for the reason that he pleaded that the defendant "owned or had control of the rolling stock, equipments, and appliances used in said work," and that the defendant admitted this by the answer. The allegation is preliminary and general, and cannot be construed to an admission that the defendant owned and controlled that which he had never furnished nor permitted to be used in place of a complete apparatus. So far as this record reads, then, it appears that for this occasion only the foreman and the servants employed in place of the complete and apparently adequate tackle theretofore in use an iron rail which was neither furnished nor authorized by the master. The hook complained of was furnished by the master for adjustment with a rope sling, and had theretofore been thus solely used. There is not the slightest evidence that, even in the misuse of the hook with the iron rail the hook was inadequate, or was bent or broken, or was not in its normal condition after the accident. If there were at hand, and furnished by the master, complete and adequate appliances for the work, he cannot be held liable because a part of the apparatus furnished by him was joined with a thing not furnished by him, but substituted without his notice or authority (even though the foreman of the job chose it or consented to its use), with the consequence that the part furnished by him in connection with the foreign appliance did not work safely. Flet v. Hunter Arms Co., 74 App. Div. 572, 77 N. Y. Supp. 752, citing Mahoney v. Vacuum Oil Co., 76 Hun, 579, 28 N. Y. Supp. 196; O'Connall v. Thompson-Starrett Co., 72 App. Div. 47, 52, 76 N. Y. Supp. 296; Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787. I think that Garretson, J., made a correct disposition of the case. He simply granted a nonsuit, and the judgment should not record that the dismissal was on the merits. Peggo v. Dinan, 72 App. Div. 434, 76 N. Y. Supp. 565.

The judgment should be amended, and, as amended, affirmed, and the order should be affirmed, with costs. All concur.