SARAH E. LODEWICK, Plaintiff, *v.* JULIANA CUTTING and Others, as Executors, etc., of WILLIAM SLOANE, Deceased, and Others, Defendants. (Action No. 1.)

Supreme Court, New York Special Term, August, 1923.

**Practice — complaint setting forth several causes of action not separately stated — motion for judgment on pleadings — court will not separate causes on its own motion so as to give judgment for defendant as to some — when judgment in prior action not a bar — when declaration in judgment that it was " on the merits " is of no force.**

While a complaint alleged facts sufficient to constitute several causes of action to recover rent of premises alleged to have been sublet by plaintiff to defendants; a certain sum for work alleged to have been performed by plaintiff for which the defendants promised and agreed to pay; a further sum for the use of the room and a further sum for the conversion of an ornament in said premises, the causes of action were not separately stated and numbered. Upon a motion by defendants for judgment upon the pleadings on the grounds that the claims or demands set forth in the complaint have been released; that it appears from the records of the court that the claims or demands set forth in the complaint have been paid; that there is an existing judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties and that the complaint did not state facts sufficient to

constitute a cause of action, it appeared that plaintiff and one S. were partners in the management of certain premises leased by the owners to S. acting either as a representative of the partnership or as agent of the plaintiff, which premises were sublet to the defendants herein. Disputes having arisen between plaintiff and S. and between plaintiff and said defendants the latter paid the rent to S., from whom they obtained a release of all claims which she or the partnership might have against defendants. In an action brought by plaintiff for an accounting she procured a judgment for her share of the moneys paid to S. by the defendants. The plaintiff also brought other actions against various of the defendants herein, in one of which the defendants who were served interposed a demurrer on the ground that it appeared upon the face of the complaint that causes of action had been improperly united. The demurrer was sustained with leave to serve an amended complaint, upon certain conditions, but no such complaint was served. *Held,* that the insertion of the words " on the merits " in the order for judgment dismissing the complaint was by inadvertence and said judgment was not a bar to the present action.

The complaint herein including as it does a number of items which were not covered by the original action, at least as to these items no judgment could be given under rule 107(5) of the Rules of Civil Practice.

While undoubtedly the subject-matter of the earlier action, which was for moneys which plaintiff claimed were wrongfully paid to S. instead of to herself, covered part of plaintiff's present claim for rent, it did not appear that it covered any other part of plaintiff's claims.

When causes of action set forth in a single complaint are not separately stated and numbered the court should not of its own motion separate and give judgment upon one, denying it as to the others, especially against defendants' contention that only one cause of action is stated.

While the recovery of judgment by plaintiff against her partner for a share of the moneys due for rent was a ratification of the act of said partner in receiving payments even if she had not under the partnership arrangement been authorized to do so, the release of obligations due to the firm could not affect plaintiff's right to recover for services and for use of the room, no liability for which arises under the lease.

Defendants' motion for judgment on the pleadings denied, but without prejudice to a renewal if an amended complaint be served separately stating and numbering the causes of action.

MOTION for judgment on the pleadings.

*Allen Caruthers,* for plaintiff.

*Merrill, Rogers & Terry (Wilson B. Brice,* of counsel), for defendants.

LEHMAN, J. The plaintiff has brought an action to recover from these defendants rent for certain premises alleged to have been sublet by the plaintiff in the sum of $6,570 and in addition the sum of $1,014 for work alleged to have been performed by the plaintiff for which they promised and agreed to pay; the further sum of $290 for the use of a room and the further sum of $100 for the conversion of an ornament in the said premises. The defendants have moved for judgment on the pleadings on the

grounds " that the claims or demands set forth in the complaint have been released; that it appears from the records in this court that the claims or demands set forth in the complaint have been paid; that there is an existing judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties and that the complaint does not state facts sufficient to constitute a cause of action."

The last ground of the motion has not been seriously urged and it appears that the complaint itself does in fact set forth facts sufficient to constitute not one but several causes of action and the motion is greatly complicated by the fact that these causes of action have not been separately stated and numbered. It appears undisputed from the pleadings and the affidavits submitted herewith that the plaintiff and one Esther J. Shultz were copartners in the management of certain premises which were leased by the owner to Mrs. Shultz acting either as representative of the copartnership or as agent of this plaintiff and which were sublet to these defendants for the prosecution of patriotic work during the war. It further appears that disputes have arisen between the plaintiff and Mrs. Shultz and between the plaintiff and these defendants. The defendants have paid rental to Mrs. Shultz and have secured a release from her for all claims which she or the partnership might have against them and the plaintiff has brought an action and secured a judgment against Mrs. Shultz for an accounting and upon such accounting procured judgment for her share of the moneys paid to Mrs. Shultz by the defendants. The plaintiff has also brought other actions against various of the defendants herein. In one of these actions the defendants who were served demurred to the complaint on the ground that it appeared upon the face of the complaint that the causes of action had been improperly united and the demurrer was sustained but with leave to the plaintiff to serve an amended complaint upon certain conditions. No such complaint was served and an order was thereafter made " dismissing the complaint on the merits."

In my opinion the order or judgment dismissing the previous complaint upon the merits is not a bar to a new action. Section 1209 of the Code of Civil Procedure provided: " A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits." It is entirely clear that a judgment sustaining a demurrer upon the ground that causes of action are improperly united in the complaint cannot decide the merits of the action and a party is not barred

Misc. 348]                    Supreme Court, August, 1923.

from bringing a new action because a decision has been rendered that the original cause of action was improperly pleaded. A party is always entitled to have a decision on the merits and no decision on the merits can be given except where the facts have been proven or have been admitted by the party against whom the judgment is rendered. The words " upon the merits " were evidently inserted in the judgment sustaining the demurrer by inadvertence and in my opinion section 1209 of the Code of Civil Procedure was never intended to make a judgment, where the court did not and could not pass upon the merits, a bar to a new action even though the judgment included the words " on the merits." As I read that section the legislature intended to provide that only a judgment on the merits could bar a new action and that a judgment could not be construed as rendered upon the merits unless the judgment so expressly declares or it so appears by the judgment roll, and where it appears by the judgment roll that no decision on the merits was or could have been rendered, the express declaration in the judgment that it was rendered on the merits is of no force. While I cannot find that the Court of Appeals has ever directly passed upon the effect of such a judgment, it has to some extent indicated its opinion on the question in the case of *Clark* v. *Scoville,* 198 N. Y. 279.

The complaint herein includes a number of items which were not covered by the original action and at least as to these items no judgment can be given under subdivision 5 of rule 107 of the Rules of Civil Practice. The final judgment which it is claimed determined the same cause of action between the parties could under no circumstances cover any other cause of action. In the present case it appears that the earlier action was for moneys which the plaintiff claimed were wrongfully paid to Esther J. Shultz instead of to herself. Undoubtedly this claim covered part of the plaintiff's present claim for rent, but it does not appear that it covered any part of the plaintiff's claim for services, for the agreed or reasonable value of the use of her room or for the taking away of an ornament belonging to the plaintiff which was left on the premises. It is true that the services are alleged to have been rendered in connection with the defendants' occupancy of the premises and the use of the room by the defendants and the taking of the ornament are all connected with the lease, but with the possible exception of the last item they do not arise out of the lease but independent promises on the part of the defendants to pay these sums is expressly alleged. While a defendant may make a motion for judgment under rules 107 and 108 of the Rules of Civil Practice, as to one or more causes of action stated in the complaint, I do not think that where the causes

of action are not separately stated and numbered, the court should itself separate them and give judgment upon one of them, denying it as to the remainder, especially in a case where the defendants contend that only one cause of action is stated.

This consideration is largely determinative of the remaining ground of the motion that the plaintiff's claim has been released. As stated above the plaintiff's copartner has released all claims against the copartnership and there can be no doubt but that all moneys due for rental were partnership property and could be released by one partner without the consent of the other partner even though notice was given to the debtor not to pay to the other partner. The plaintiff has herself taken the attitude that these moneys were partnership moneys by bringing an action and recovering a judgment against her copartner for a share of the moneys so paid and I believe by so doing has ratified the act of her partner in receiving payment even if her partner had not under the partnership arrangement been authorized to do so. The release, however, of obligations due to the partnership cannot affect the plaintiff's right to recover under a promise made to her individually and, therefore, cannot affect the present claim for services and for use of the plaintiff's room. No liability for these items arises under the lease itself and though perhaps at the trial it may appear that no special promise to pay was made to the plaintiff and that no obligation arose from the circumstances to pay the plaintiff individually, I cannot assume this to be the fact upon the present pleadings and affidavits. In reaching this conclusion I have not overlooked the fact that upon the trial of the accounting action between the copartners the plaintiff made a claim which was disallowed against her partner for the value of the services which she now claims were rendered not to the partnership but to the defendants, for at most the assertion of such a claim against the partner would be an admission by the plaintiff which would constitute evidence that the services were not rendered to the defendants but an admission which could be explained by the plaintiff. For these reasons the defendants' motion for judgment in action No. 1 must be denied, but without prejudice to the renewal of the motion if hereafter an amended complaint should be served separately stating and numbering the causes of action.

Ordered accordingly.