MARY CARUSO, Appellant, *v.* METROPOLITAN 5 TO 50 CENT STORE, Respondent.

Third Department, November 12, 1925.

**Trial — complaint cannot be dismissed upon merits at close of entire case except upon findings — dismissal of complaint not based on findings is not on merits notwithstanding Civil Practice Act, § 482 — error in dismissing on merits may be corrected on appeal from judgment or on motion.**

A complaint cannot be dismissed on the merits at the close of the entire case in the absence of findings of fact expressed in some form, either by the verdict of a jury or the findings of the court, for otherwise the judgment dismissing the complaint on the merits has nothing to support it.

Accordingly, a dismissal of a complaint on the merits at the close of the entire case in the absence of findings to support the judgment, is not a dismissal on the merits which will bar a subsequent action, notwithstanding section 482 of the Civil Practice Act.

The error committed in entering a judgment in this action dismissing the complaint upon the merits at the close of the entire case could have been corrected on an appeal from the judgment, but the plaintiff had the right also to make a motion for that purpose.

Appeal by the plaintiff, Mary Caruso, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Schenectady on the 21st day of November, 1924, denying her motion to amend the judgment theretofore entered upon the dismissal of the complaint at the close of the entire case by inserting a provision in said judgment indicating that it was without prejudice to her right to bring another action against the defendant upon the same cause of action.

*Leary & Fullerton* [*Walter A. Fullerton* and *A. W. Pitkin* of counsel], for the appellant.

*Robert H. Woody* [*Strong & Golden* and *Arthur S. Golden* of counsel], for the respondent.

Cochrane, P. J.:

The action was for negligence. On the trial both parties introduced their evidence. At the close of all the evidence defendant moved for a dismissal of the complaint upon the merits, which motion was granted. Judgment was entered reciting that the complaint was dismissed upon the merits. Thereafter plaintiff commenced another action against the defendant on the same facts which were involved herein. The defendant in its answer pleaded the judgment herein as a bar to that action. A motion was thereupon made before the justice who tried this case to amend the judgment by inserting the following words: " But without prejudice to the right of the plaintiff to bring another action to recover from the defendant upon the same cause of action." This is an appeal from an order denying such motion.

Notwithstanding that the judgment purports to have been rendered on the merits it was not such a judgment. " It is fundamental that a judgment upon the merits must rest upon findings of fact expressed in some form either by the verdict of a jury or by the findings of the court, otherwise the judgment has nothing to support it. The fact that the dismissal was stated to be ' on the merits,' and the judgment entered in that form apparently by direction of the court does not establish that judgment as a conclusive one." (*Jones* v. *Gould, No. 1*, 145 App. Div. 271, 275.) " The motion made and granted was for a dismissal of the complaint, and hence was a nonsuit. (*Peggo* v. *Dinan*, 72 App. Div. 434; *Weeks* v. *Van Ness*, 104 id. 7, 10.) If the defendant's final motion had been for a direction of the verdict a different question would be presented." (*Molloy* v. *Whitehall Portland Cement Co.*, 116 App. Div. 839, 843.) If the defendant had desired a judgment on the merits it should have moved for a directed verdict. The distinction between a dismissal of the complaint and a directed

verdict is substantial although frequently overlooked. (*Niagara Fire Insurance Co.* v. *Campbell Stores*, 101 App. Div. 400; *Harris* v. *Buchanan*, 100 id. 403; *Peggo* v. *Dinan*, 72 id. 434; *Mannion* v. *Broadway & Seventh Ave. R. Co.*, 13 N. Y. Supp. 759; *Bail* v. *New York, New Haven & Hartford R. R. Co.*, 201 N. Y. 355; *Stokes* v. *Atlantic Avenue Railroad Co.*, 89 Hun, 2; *Mittleman* v. *New York City Railway Co.*, 56 Misc. 599; *Wheeler* v. *Ruckman*, 51 N. Y. 391; *Hackett* v. *Masterson*, 88 App. Div. 73.)

Section 482 of the Civil Practice Act reads in part as follows: " A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice." Section 482 of the Civil Practice Act takes the place of section 1209 of the Code of Civil Procedure and introduces a rule which did not exist under that section. But it does not affect the question here presented. In *Lodewick* v. *Cutting* (121 Misc. 348) Lehman, J., discussed section 1209 of the Code of Civil Procedure and concluded his discussion as follows: " Where it appears by the judgment roll that no decision on the merits was or could have been rendered, the express declaration in the judgment that it was rendered on the merits is of no force." By a parity of reasoning under section 482 of the Civil Practice Act where it appears that no decision on the merits was or could have been rendered the failure to state in a judgment dismissing the complaint that such dismissal is without prejudice has no significance. That is clearly indicated by the case of *Maes & Co., Inc.*, v. *Grace & Co.* (208 App. Div. 833), a case arising under the Civil Practice Act. The complaint was dismissed at the trial. The judgment did not indicate that it was " without prejudice." Judgment was modified on appeal by adding the words " for failure of proof, but not upon the merits." The Court of Appeals in affirming the judgment (239 N. Y. 519) said: " The Appellate Division was right in modifying the judgment of dismissal by adding the words ' for failure of proof, but not upon the merits.' " That case is an authority for the proposition that the judgment herein should not purport to be upon the merits but that on the other hand it should indicate that the complaint was dismissed without prejudice and that the judgment is subject to correction in that respect. Although of course such correction may be made on appeal from the judgment it may also be made on motion. Such practice is abundantly justified by the authorities.

(*Jones* v. *Gould, No. 1,* 145 App. Div. 271; *Clark* v. *Scovill,* 198 N. Y. 279; *Peggo* v. *Dinan,* 72 App. Div. 434; *Columbia Bank* v. *Gospel Tabernacle Church,* 127 N. Y. 361, 366, 367; *Stokes* v. *Atlantic Avenue Railroad Co.,* 89 Hun, 2; *Mannion* v. *Broadway & Seventh Ave. R. Co.,* 13 N. Y. Supp. 759.)

The order should be reversed, with ·ten dollars costs and· disbursements, and the motion granted, with· ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.