MERCHANTS' TRANSFER AND STORAGE COMPANY, Plaintiff, *v.* JERRY LIPPMAN and Others, Defendants.

Supreme Court, New York County, December 3, 1929.

*C. C. Schwarz*, for the plaintiff.

*R. H. Kohler*, for the defendants.

BLACK, J. The plaintiff is the assignor of the Monroe Corporation, a foreign corporation organized and existing under the laws of the State of Pennsylvania. Before the commencement of this action an assignment of its claim against the defendant was made to plaintiff. To the cause of action the defendant interposed a defense that the assignor was not authorized to do business within the State of New York, and that, therefore, this plaintiff was not entitled to maintain the action. There is no doubt in my mind that the evidence indicates as a matter of law the fact that the assignor was in fact engaged in business within the State in violation of the statute and did not as a matter of fact obtain a certificate to do business within the State. At the close of plaintiff's case and at the close of the entire case decision on the motion by defendant to dismiss the complaint on this ground was reserved. During the trial, however, a question of law was presented on a motion to suppress a deposition taken by the plaintiff for alleged misconduct of the attorneys. The deposition was allowed to be read in evidence. Defendants urged that they had no knowledge of the irregularities or misconduct except as it was brought out on the trial, and, therefore, a timely motion could not be made at Special Term. The case was submitted to the jury, and a verdict was rendered in plaintiff's favor. A motion was then made to set aside the verdict, and also for a decision on the pending motion to dismiss on which the court had reserved decision. After considering the briefs of the parties the verdict was set aside, but by inadvertence no disposition was made of the motion to dismiss, and accordingly by separate memorandum the motion to dismiss was granted. Defendant now presents findings contained in an order directing judgment dismissing the complaint on the merits. It is urged by the defendant that there is a necessity for such an order, so that a proper judgment may be entered and docketed. It is also stated that the clerk of the trial part has declined to insert anything in the extract, except that the complaint is dismissed.

The law clerk will not enter any judgment excepting that sanctioned by the extract or by separate order of the court. So far as the clerk of Trial Term and the law clerk are concerned, their respective duties are but ministerial and not judicial, and they must, of course, follow the minutes of the trial for their guidance. Section 482 of the Civil Practice Act provides that a dismissal at the close of the entire case is a final determination on the merits

"unless the court shall dismiss without prejudice." The defendant insists that he is entitled to have findings passed upon so that it will be on the merits. (*Caruso* v. *Metropolitan Five to Fifty Cent Store*, 214 App. Div. 328.) The practice in this department indicates that a dismissal of the complaint on the trial is but a ruling and requires no order thereon, and that a review of such ruling is by appeal from the judgment entered on the ruling dismissing the complaint on the merits or not on the merits. The appellate court has ample power to modify the judgment if entered on the merits, where the record does not justify such determination. In the instant case the dismissal was not made on the trial, but some time thereafter. I do not believe it necessary or even proper in this department to require or even permit the submission of findings. The great volume of litigation in this department justifies a more simple form than the submission of findings, and this may be accomplished by a finding to be inserted in the clerk's minutes, which is in effect an order, and thus dispense with the necessity of preparing and submitting findings of fact and/or a decision.

Let an order be submitted on notice correcting the clerk's minutes by inserting therein the following: "Verdict of the jury set aside, and defendant's motion to dismiss complaint, upon which the court reserved decision, be and hereby is granted, the complaint be and hereby is dismissed upon the merits, and judgment directed to be entered accordingly." The clerk to make a marginal reference to this order as his authority for such correction.