MICHAEL OURIEL, Respondent, v. MAX DIFIORE and Another, Appellants, Impleaded with Others, Defendants.

County Court, Monroe County, April 3, 1935.

*Chamberlain, Page & Chamberlain [Arthur V. D. Chamberlain* of counsel], for the appellants.

*Rubin Brodsky,* for the respondent.

LYNN, J. This is an action for property damage caused by negligence, and resulted in a verdict for the plaintiff, respondent, against the appellants DiFiore and Mitchell. Briefly, the facts surrounding the alleged negligence are as follows:

John Petrossi Company, Inc., contracted with the Congregation Beth Kakness Ha Chadosh to bring some dirt to its cemetery, and Petrossi employed the appellant Max DiFiore as a truckman to do some of the work, and the appellant Robert Mitchell was driving DiFiore's truck at the time. While the truck was in the cemetery, being driven by Mitchell, it backed into a monument which had been erected by the plaintiff upon his wife's grave.

destroying the monument, and for the value of it judgment was given the plaintiff in this action against the appellants. When the action was brought to trial, the defendants interposed a defense of former adjudication, and the facts in regard to the defense are as follows:

Originally the plaintiff sued the appellants and one Harris Nusbaum for damages arising out of this occurrence, the said Harris Nusbaum being an officer of the cemetery, or rather of the synagogue which owned and controlled it. That case was brought to trial, and, upon the close of the plaintiff's evidence, the attorney for Nusbaum moved for a nonsuit, which was granted, the attorney for the appellants opposing it and making no motion for nonsuit in behalf of the appellants. The case was then completed by the appellants offering their evidence. After both parties rested, the defendant moved to dismiss the complaint upon various grounds. Decision was reserved, and in due time the court made a decision, which upon its records reads as follows: " Judgment of nonsuit (not on the merits) in favor of defendants DiFiore and Mitchell, and against plaintiff, dismissing plaintiff's complaint, with costs to the defendants." Thereafter this action was brought by the same plaintiff against the appellants and several other defendants, namely, the Congregation Beth Kakness Ha Chadosh and its officers, including the said Nusbaum, and also including John Petrossi Company, Inc. As previously stated, these appellants in their answer set up the prior judgment in bar, and, immediately upon the opening of the trial, brought up that question. The judgment roll and record in the former action was not offered in evidence, so far as the record shows, but it was apparently regarded as before the court and is discussed in the court's opinion and is sent up here as a part of the return. From this it appears that the complaints in both actions, so far as concerns these appellants, were substantially the same, as was the evidence offered by the plaintiff pursuant thereto. The decision upon the matter being reserved, the evidence of the parties was taken, and finally the court, after having released all the other defendants, overruled the plea of former adjudication and found against the appellants on the facts.

This court would probably not find reason to disturb the judgment on the facts, but finds it unnecessary to pass upon that question, being of the opinion that the court erred in failing to give effect to the plea of former adjudication. The appellants claim that whatever may be the power of a court of record, the City Court is without any power to make what it attempted to make in the first action — a decision not on the merits. Without agreeing or disagreeing with that position, I am of the opinion that

in any court, when a case is fully tried, and each party has offered all the evidence he apparently desires to offer, and the court makes a decision, it must be on the merits.

In the case of *Ziegler* v. *International Railway Co.* (232 App. Div. 43) the court says (on p. 44): "The effect of section 482 of the Civil Practice Act, supplemented by subdivision 2 of rule 166 of the Rules of Civil Practice, is to put an end to a claim that has been once litigated and dismissed, even though such a dismissal was for mere failure of proof, unless the plaintiff convinces the court that upon adjournment or at another trial the evidence necessary to prove his case can be produced. * * * and the record should disclose whatever proof or probability of proof the plaintiff claims is, or will be, available in the future to close the gap."

There is nothing here which shows any distress on the part of the plaintiff which would enlist the discretion of the court, or that there was any claim of that kind made. On the contrary, the record of the first case shows that the trial proceeded in a regular orderly way and that the plaintiff proved all that he thought he needed to prove, and which was, as heretofore noted, just what he proved on the second trial. Without something warranting it, the court had no right to arbitrarily — although apparently beating the plaintiff on the facts — decide to give him another opportunity by naming his decision as "not on the merits." There was nothing in the record upon which any such decision could be made. The plaintiff relies upon the case of *Caruso* v. *Metropolitan Five to Fifty Cent Store* (214 App. Div. 328), but the Fourth Department, in the case above cited, expressly refused to follow that decision (See p. 44.)

It hardly needs citation of authorities for the proposition that if the court, upon the record before it, could not render a judgment "not on the merits," then the use of those words could not make it so. However, see *Lodewick* v. *Cutting* (121 Misc. 348); *Clark* v. *Scovill* (198 N. Y. 279). To be sure, the case of *Ziegler* v. *International Railway Co.* (*supra*) deals with the rule in courts of record and is based upon the Civil Practice Act and General Rules of Practice; but it does not appear that the City Court has greater power than the courts of record in this regard, however much may be said in favor of the theory that it lacks them.

The judgment appealed from must be reversed and the complaint dismissed, with thirty dollars costs and costs in the court below.