(163 App. Div. 85)

### FISK v. HOLDING et al.　(No. 171–69.)

(Supreme Court, Appellate Division, Third Department.　July 1, 1914.)

1. DOWER (§ 79*)—ACTIONS TO ENFORCE—SUFFICIENCY OF EVIDENCE.

In an action to enforce a dower right as the widow of a decedent under conveyances from whom defendant claimed, on the ground of a ceremonial marriage to decedent certified in a marriage certificate defended on the ground that the certificate was a forgery, in due form, evidence *held* to authorize a finding of a ceremonial marriage.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 294–306; Dec. Dig. § 79.*]

2. WITNESSES (§ 159*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

Plaintiff to establish her dower right was incompetent, under Code Civ. Proc. § 829, to testify that on the day when the marriage was claimed to have been performed she went to the place where the ceremony was certified to have been performed, and met a witness and the wife of the clergyman, who appeared to have performed the ceremony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 629, 664, 666–669, 671–682; Dec. Dig. § 159.*]

Kellogg and Woodward, JJ., dissenting.

Appeal from Trial and Special Terms, Albany County.

Action by Jane W. Fisk against Claude J. Holding, impleaded with another. From an interlocutory judgment for plaintiff and from an order denying a motion for a new trial to set aside the verdict, defendant Holding appeals. Judgment and order reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Richard O. Bassett, of Albany, for appellant.

Martin T. Nachtmann, of Albany, for respondent.

SMITH, P. J.　[1] Appellant claims real property through a deed from Frank H. Fisk, Jr., who obtained his title through a deed from his father, Frank H. Fisk, now dead, dated June 28, 1910, and recorded in Albany county clerk's office July 18, 1910. Plaintiff claims that upon the 28th of June, 1910, she was the wife of Frank H. Fisk, and not having joined in the deed to Frank H. Fisk, Jr., is now entitled to her dower interest in said property. In the evidence appears a certificate of marriage between the plaintiff and Frank H. Fisk, purported to be executed 23d of October, 1908, in which certificate the ceremony purports to have been performed by one Rev. Thomas J. Howard, and which certificate appears to be in due form. The evidence of Gilbert C. Fisk, a son of Frank H. Fisk, is to the effect that upon said date this certificate was shown to him both by the plaintiff and Frank H. Fisk, and that thereupon the said parties assumed the relation of husband and wife, and thereafter lived together as husband and wife in West Sand Lake, Albany county, until his death, and said Frank H. Fisk introduced her as his wife. Evidence was introduced by the defendant to the effect that there was no such minister as Rev. Thomas J. Howard at Hudson, Columbia county, where the ceremony is certified

to have been performed; that the witnesses to the will cannot be found after diligent search; and that the certificate was a forgery. At the beginning of the trial the plaintiff's attorney announced that he stood upon a ceremonial marriage, executed as certified in the marriage certificate referred to, and the jury has found as a fact that such a ceremonial marriage did take place. This the jury was probably authorized to find under the decision in the Hinman Case, 147 App. Div. 452, 131 N. Y. Supp. 861, affirmed 206 N. Y. 653, 99 N. E. 1108.

[2] Upon the trial of the action the plaintiff was sworn in her own behalf. She was not allowed to swear to the performance of the marriage service, as this was objected to under section 829 of the Code of Civil Procedure. Under the same objection and an exception, however, she was allowed to swear that upon the day in question she went to Hudson, and that when she arrived at Hudson it was dark, and that they took a carriage to a house and waited until Mr. Howard came; that she was in the house probably a half hour, from which place she went by carriage to the station and again to Albany; that she met George Crum, one of the witnesses, there, and Alice Crum, his wife, and Mrs. Thomas J. Howard. This evidence I think was clearly incompetent. The only inference that is sought to be drawn is that she was there with Frank H. Fisk and as corroborating the certificate of marriage. Matter Acct. of Hiller, 99 App. Div. 81, 91 N. Y. Supp. 1087; Clift v. Moses, 112 N. Y. 427, 20 N. E. 392. As the evidence bore upon the vital question in the case, I do not think the error can be disregarded, and for the admission of this evidence the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., dissenting in opinion in which WOODWARD, J., concurs.

JOHN M. KELLOGG, J. (dissenting). We held in the matter of Hinman, 147 App. Div. 452, 131 N. Y. Supp. 861, that since the amendment to the Domestic Relations Law by chapter 742 of the Laws of 1907 a common-law marriage thereafter contracted was valid in this state, basing the conclusion upon the following considerations: It is the general rule that a statutory provision directing how marriages shall be performed is considered as merely directory and does not affect the validity of a marriage otherwise contracted unless the statute declares marriages made in any other manner illegal. Meister v. Moore, 96 U. S. 76, 24 L. Ed. 826. The Domestic Relations Law, as amended by chapter 339 of the Laws of 1910, provided in section 19 that no marriage claimed to have been contracted in this state after January 1, 1902, should be valid unless solemnized in the manner required by the Domestic Relations Law. Chapter 742 of the Laws of 1907 expressly repealed section 19 of said law, which leaves no statute providing that marriages otherwise made are illegal.

The evidence in this case conclusively shows a valid marriage between the plaintiff and Dr. Fisk. During his lifetime he recognized her as his lawful wife. A stranger now seeks to deprive her of dower in his real estate because the marriage was not a ceremonial one. If

he is right, while she is concededly the widow of Dr. Fisk, she is denied dower in his real estate because the marriage was not a ceremonial one, and such a holding is based upon the alleged form of the pleading and the manner in which the case was tried.

I think the history of the case shows that the plaintiff was proceeding upon the theory that the proof of any legal marriage entitled her to dower. The first bill of particulars filed recited that the plaintiff serves the following instrument (a copy of the marriage certificate) having reference to the demand for a bill of particulars in connection with the marriage referred to in the complaint, the original of which was in her possession. An order was made requiring the plaintiff to serve a bill of particulars specifying when and where and by whom the marriage alleged was performed, and whether or not it was a ceremonial one, to which the plaintiff served a bill of particulars saying the ceremony of marriage between the plaintiff and Frank H. Fisk referred to in the complaint was performed at Hudson in the county of Columbia and state of New York, by the Rev. Thomas J. Howard, on the 23d day of October, 1908. On the trial the plaintiff contended that the plaintiff must rely upon a ceremonial marriage only. Plaintiff claimed the right to prove facts tending to show that the parties, after the date mentioned in the certificate, lived together as husband and wife and were recognized as such until the husband's death. The plaintiff maintained that a ceremonial marriage did take place as indicated by the certificate, but that a ceremonial marriage was unnecessary. The court inquired whether they were not confined in the evidence to the particulars. Counsel replied he expected to rely upon the certificate, but could prove it in any competent way. The court said, "You mean people living together as man and wife would go to sustain the allegation that a formal marriage was entered into at a certain time," to which he answered, "Yes." The court thereupon received the certificate and the evidence showing that the parties, after the date mentioned in the certificate, were recognized and lived together as husband and wife, and that the framed certificate hung in the parlor of their house, and charged that if the parties lived together as husband and wife from the date of the certificate down to the time of his death, and were recognized as such by the community, the presumption is that they were husband and wife, and the burden of proof is upon the one who attacks it to prove otherwise.

It is established beyond question that the signatures of the plaintiff and Dr. Fisk to the certificate were written by them respectively, and the certificate is an admission by both that a ceremonial marriage was performed at the time stated therein, and living in the house as husband and wife with the framed certificate upon the wall was a continued declaration that such ceremony had been performed. The evidence of the plaintiff that she went to Hudson; that she met Rev. Thomas J. Howard, Mrs. Howard, and George Crum was not necessary and was quite immaterial, as the proof of the marriage was overwhelming and the admissions of the doctor that it was a ceremonial marriage was not disputed. The evidence of the plaintiff, eliminating the parts which were stricken out, does not show that Dr. Fisk went with her to

the place where Howard was seen. For all that appears, she may have gone to the place with another. We cannot infer, for the purpose of reversing the judgment, that when she said "we" it means that the doctor was with her. If the defendant wished to exclude the evidence, he should have shown facts which would indicate that the doctor was with her. It cannot be presumed. The plaintiff, when recalled, swears that she had met Mr. Howard. Her counsel asked her if she saw him the night before the 23d of October, 1908. Objection was raised that this called for a conclusion and was an attempt by induction to establish the fact that this man was in some respects a minister and that there was no evidence on that question. The objection does not imply that Dr. Fisk was present or that objection was made upon that ground. The objection was overruled, and she answered she met him the afternoon before, the 22d, and that he told her he was a clergyman. No objection was made that this involved a personal transaction with Dr. Fisk, and it does not appear that it did involve such a transaction.

The plaintiff is an intelligent woman and occupied a high and honorable position at the time of the marriage. It is evident that a ceremonial marriage was performed, as the certificate indicates. If there is no such persons as Howard, Mrs. Howard, or Crum, it is evident that a trick, for some reason, was played upon her. Conceding that fact, it is immaterial. The marriage was, as she understood it, a ceremonial marriage; as Dr. Fisk led her to believe it was a ceremonial marriage, and to all intents and purposes it was such. The marriage is fully established. To defeat the plaintiff's dower upon the ground that she is not the widow of Dr. Fisk upon the technical objection that she has not proved a ceremonial marriage would be unjust and unworthy of the present practice.

No defense has been shown or foreshadowed. It may be conceded that the plaintiff did not in all respects adopt the best practice upon the trial, but her plain marital rights should not be denied her because her counsel may have made a mistake. If we strike from the record all of the plaintiff's testimony which by any means could be construed as involving a personal transaction, the marriage is established, and the jury within reason could not have found otherwise. If technical error exists in the record it is harmless; the plaintiff's rights are so plain and stand so firm without any shadow thrown upon them that under section 1317 of the Code of Civ. Proc. we should disregard a technical error which does not relate to the substantial merits of the controversy. The sole controversy is whether the plaintiff is the widow of Dr. Fisk; the defendant has not been surprised and stands without defense. A new trial can do no good. Any court would allow an amendment if necessary, and, if necessary, an amendment may be considered as made. The plaintiff was well within her rights when she refused to treat the ceremonial marriage as void; she had the right to insist upon its validity and to confirm the fact that such marriage had taken place by any competent evidence.

The judgment should be affirmed.

WOODWARD, J., concurs.