## First Department, December, 1951.

## (December 4, 1951.)

■

Garden City Plating & Manufacturing Co., on Behalf of Itself and All Other Persons Entitled to Share in Funds Received or To Be Received by Ross-Sigmond, Inc., Contractor, from Gimbel Brothers, Inc., Respondent, *v.* Ross-Sigmond, Inc., Appellant, et al., Defendants.

*Per Curiam.* It is alleged and not denied that all others concerned in the alteration in question have been fully paid and their claims satisfied; Special Term stated that this was " conceded ".

Plaintiff is not entitled to the relief sought under section 72 of the Lien Law. Plaintiff's proceedings and this motion appear to be maneuvers to avoid trying on the merits the issues raised in the action brought by defendant in Kings County before plaintiff instituted this action.

The order directing appellant to file a surety bond should be reversed, with $20 costs and disbursements to defendant-appellant, and plaintiff's motion denied.

Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, and the motion denied. [See *post,* p. 772.]

■

In the Matter of Isaac T. Flatto, Appellant. Abraham Sandler, Respondent, et al., Defendants.

*Per Curiam.* The reasonable rent, under the statute (L. 1945, ch. 3, § 4, subd. 1, as amd. by L. 1950, ch. 327) and the decisions (*Matter of Fifth Madison Corp.* [*Arthur Murray, Inc.*], 276 App. Div. 831, affd. 301 N. Y. 772; *Matter of Murphy* [*Blasio*], 278 App. Div. 814) is to be computed as of the date of the application rather than the date of trial or judgment. Taking the figures of Special Term as to 8% of the assessed value on land and building, adding real estate taxes, and operating expenses from May 1, 1949, to April 30, 1950, and considering the relative value of store and basement space with the other floors, we find the reasonable rent of the tenant for the seventh floor to be $3,100.

The order appealed from should be reversed, with costs, and an order entered fixing the said tenant's reasonable rent at $3,100 annually as of the date of the commencement of the proceeding.

Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.

Order unanimously reversed, with costs, and an order entered fixing the tenant's reasonable rent at $3,100 annually as of the date of the commencement of the proceeding. Settle order on notice.