In the Matter of COURT & REMSEN BUILDING CORP., Respondent. HILLARD POLLACK et al., Appellants.

Argued October 11, 1951; decided December 6, 1951.

*Victor Whitehorn* and *Jules Whitehorn* for appellants. I. The landlord is not entitled to relief under the first subdivision of section 4. (*Matter of Barry Equity Corp.* [*Marcia Hat Co.*], 276 App. Div. 685; *Matter of Relmar Operating Corp.* [*Roffer*], 297 N. Y. 609; *Matter of Court Square Bldg.* v. *City of New York,* 298 N. Y. 380; *Matter of Connors,* 275 App. Div. 799.) II. The 1950 amendment to section 4 applies to subdivision 1 as well as to subdivision 2. (*Bowles* v. *Willingham,* 321 U. S. 503; *Teeval Co.* v. *Stern,* 301 N. Y. 346.)

*Orrin G. Judd, Martin S. House* and *Morris A. Wirth* for respondent. I. Petitioner was entitled under subdivision 1 of section 4 to receive the fair rental value of the space occupied by appellants, free of the 15% limitation inserted in subdivision 2 by the 1950 Legislature. The 1950 amendment imposing a 15% limitation on rent increases was intended to apply only to subdivision 2 of section 4. (*Matter of Noyes* [*Globe Wireless Ltd.*], 277 App. Div. 1031; *Matter of 792 Madison Ave., Inc.* [*Virag*], 277 App. Div. 975; *Sharkey* v. *Thurston,* 268 N. Y. 123; *Matter of Barry Equity Corp.* [*Marcia Hat Co.*], 276 App. Div. 685; *Matthews* v. *Matthews,* 240 N. Y. 28; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *Maresco* v. *Kauffman Dyeing & Finishing Works,* 224 App. Div. 705; *Piotrowski* v. *Cervi,* 210 App. Div. 681.) II. The Legislature cannot constitutionally limit the court in a proceeding to fix rent of business space to a rent which does not provide a fair return on the full value of the property. (*United Rys.* v. *West,* 280 U. S. 234; *Power Comm.* v. *Pipeline Co.,* 315 U. S. 575; *Elvira Realty Co.* v. *Bracegirdle,* 115 Misc. 197; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Wasservogel* v. *Meyerowitz,* 300 N. Y. 125; *Yakus* v. *United States,* 321 U. S. 414.)

*Per Curiam.* Quite apart from other considerations, the absence of any evidence establishing the gross income received by the landlord from the property — recitals in a bill of particulars do not constitute proof (see, e.g., *Roscoe Lbr. Co.* v. *Standard Silica Cement Co.,* 62 App. Div. 421, 423–424) — prevents the proceeding, concededly brought as an alternative square foot

proceeding (Business Rent Law, § 4, subd. 2; McKinney's Unconsol. Laws, § 8554, subd. 2), from being considered or treated as one under the original net fair return provision of the statute. (Business Rent Law, § 4, subd. 1; L. 1945, ch. 314, as amd.; McKinney's Unconsol. Laws, § 8554, subd. 1; see *Matter of Relmar Operating Corp. [Roffer]*, 297 N. Y. 609; *Matter of Court Square Bldg.* v. *City of New York*, 298 N. Y. 380; *Matter of Fifth Madison Corp. [Gilden-J. B. Doblin, Inc.]*, 301 N. Y. 772.) That being so, the rental to be allowed the landlord was to be fixed at an amount not " in excess of fifteen per centum greater than the amount of the rent being paid by the tenant " (Business Rent Law, § 4, subd. 2, as amd. by L. 1950, ch. 326; McKinney's Unconsol. Laws, § 8554, subd. 2), and, accordingly, the 15% limitation imposed by the referee on the rent increases granted to the landlord should not have been eliminated.

The order of the Appellate Division should be reversed, and that of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly. [See 303 N. Y. 803.]