In the Matter of 23 WEST STREET CORPORATION, Appellant and Respondent. GIBBS & COX, INC., Respondent and Appellant.

Argued November 26, 1951; decided January 17, 1952.

*Leonard P. Moore* and *Harry F. X. Hammer* for appellant and respondent. I. The Appellate Division, in modifying the amount of respondent tenant's proportionate share of the basic gross return, used an erroneous mathematical formula which deprived the landlord of rental from 11,120 square feet of office space occupied by said tenant. II. Maintenance and operation items aggregating $20,110.24 were improperly disallowed. (*Matter of Barry Equity Corp.* [*Marcia Hat Co.*], 276 App. Div.

685; *Matter of Court Square Bldg.* v. *City of New York,* 298 N. Y. 380; *Matter of Hecht Broadway Corp.* [*Ashenfarb*], 298 N. Y. 769; *Matter of Relmar Operating Corp.* [*Roffer*], 297 N. Y. 609.) III. Landlord is entitled to all costs of maintaining and operating its property. IV. The courts below properly rejected the testimony of tenant's expert and accepted that of landlord's expert as to differentials in rental value per square foot of the various floors. (*Amend* v. *Hurley,* 293 N. Y. 587; *Drivas* v. *Lekas,* 292 N. Y. 204; *Harrington* v. *Harrington,* 290 N. Y. 126.)

*Walter Gordon Merritt, H. George Carroll* and *Thomas P. Dwyer* for respondent and appellant. I. In apportioning the statutory rent load among all the office tenants, respondent tenant has been erroneously charged with operation costs incurred exclusively for the other tenants. (*Matter of Lamon* [*City of New York*], 276 App. Div. 1090, 301 N. Y. 624; *Matter of 290 Park Ave.* [*Fergus Motors*], 275 App. Div. 565; *Matter of Cranford Coal & Land Co.* [*Red Ball Van Lines*], 278 App. Div. 579; *Matter of Fifth Madison Corp.* [*New York Tel. Co.*], 297 N. Y. 155.) II. It was error to reject the testimony of tenant's expert and to accept the testimony of landlord's expert as to the differentials in rental value per square foot of the various floors.

*Per Curiam.* In this alternative proceeding under subdivision 2 of section 4 of chapter 314 of the Laws of 1945, as amended by chapter 326 of the Laws of 1950 and chapter 430 of the Laws of 1951, the total rent of $281,675 found by the Official Referee to be the reasonable rent for the tenant, but reduced to $279,190 because the emergency rent may not be increased by more than 15%, should be reinstated but reduced by $21,423.18 to $260,251.82. The tenant should be charged only for the cost of cleaning its premises by the specially engaged cleaning company. There is no proof in the record that some or all of tenant's premises could be cleaned by the staff of the landlord without increase of cost to it by the hiring of additional help.

The actual occupancy of the tenant was 138,125 square feet. The reduction of square-foot area of whole-floor occupancy by the tenant by the assumption of the existence of hypothetical corridors and hallways upon those floors by an expert

called by the landlord was solely for the purpose of enabling him to offer his opinion that there was a differential in value in office space between that above and that below but including the fifteenth floor. That difference the expert testified was 30 cents and was between the respective values of $3.30 and $3.60 per square foot. His schedule so hypothetically reducing the square-foot occupancy of tenant by 10,880 square feet was received, and thus the existence of corridors and hallways assumed, for that purpose alone. Both the Official Referee and the Appellate Division found an occupancy of 138,125 square feet which included the total square footage of the whole floors occupied by tenant. Neither the Official Referee nor the Appellate Division adopted the valuation per square foot as testified to by the opinion witness mentioned. The Official Referee disregarded the testimony as to the differential in value of office space between the upper and lower floors. The weight of the evidence supports the findings of the Official Referee. Accepting the Official Referee's valuation and thus disregarding any differential in value but reducing the cost of cleaning chargeable to the tenant, the cost per square foot to it will be $1.88 per square foot.

The items of landlord's expense found by the Official Referee and not reversed or modified by the Appellate Division are not before us.

The order of the Appellate Division should be reversed, and the order of the Official Referee modified by reducing the cost of cleaning chargeable to tenant by $21,423.18, and in all other respects affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.