In the Matter of CARA REALTY CORP., Respondent. JACOB KATZ, Appellant.— In a proceeding pursuant to the Business Rent Law (L. 1945, ch. 314, § 4, as amd. by L. 1951, ch. 430) to fix reasonable rent of a retail store in excess of the emergency rent of $250 per month, tenant appeals from order fixing the fair and reasonable rent at $300 per month. Order reversed on the law and the facts and petition dismissed, with costs. Findings of fact inconsistent herewith are reversed and new findings will be made as indicated herein. The space in question being a retail store on the street level, this proceeding comes within the provisions of the Business Rent Law in effect when the order appealed from was made; namely, section 4 of chapter 314 of the Laws of 1945 as amended by chapter 430 of the Laws of 1951 (*Matter of Court & Remsen Bldg. Corp.* [*Pollack*], 278 App. Div. 572, revd. on other grounds 303 N. Y. 358). While the order does not expressly show whether the application was brought under subdivision 1 or 2 of section 4, the lack of proof and findings required under subdivision 2 indicates that the proceeding was tried under subdivision 1; and on this appeal the parties agree that it was submitted under the latter provision. Therefore, it must be decided under subdivision 1. (*Matter of Court & Remsen Bldg. Corp.* [*Pollack*], 303 N. Y. 358; *Matter of 792 Madison Ave., Inc.* [*Virag*], 277 App. Div. 975.) It having been found that the whole property wherein the subject premises are located has a maximum value of $80,000, the presumptively reasonable net annual return is $6,400 maximum. Said presumption not having been rebutted herein, the landlord may not obtain an increase which will bring the over-all return from the property above said sum. (*Matter of Fifth Madison Corp.* [*Gilden-J. B. Doblin, Inc.*], 276 App. Div. 831, affd. 301 N. Y. 772; *Matter of Lamon* [*City of N. Y.*], 276 App. Div. 1090, mod. on other grounds 301 N. Y. 624; *Matter of Hecht Broadway Corp.* [*Ashenfarb*], 298 N. Y. 769; *Matter of Relmar Oper. Corp.* [*Roffer*], 297 N. Y. 609.) The proof established that for the year prior to the beginning of this proceeding on August 1, 1951, the total net return on the property was about $450 *less* than said fair return, but that on said date the property was producing net income at an annual rate of about $275 *above* such return. Since the net income under the statute is determined as of the date of commencement of the proceeding, not the preceding year, no increase was permissible under the facts herein. (*Matter of Court Square Bldg.* v. *City of New York*, 298 N. Y. 380, 388–389;

*Matter of Fifth Madison Corp.* [*Gilden-J. B. Doblin, Inc.*] *supra.*) Finally, it has not been shown that the statute which makes 8% per annum a presumptively reasonable return offends constitutional prohibitions against confiscation of property. (*Matter of Fifth Madison Corp.* [*New York Tel. Co.*], 297 N. Y. 155, 162.) Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur. Settle order on notice.