D & R REALTY CORPORATION, Landlord, *v.* GLUCKMAN & STRAUCH, INC., Tenant.

Municipal Court of the City of New York, Borough of Manhattan, July 16, 1953.

*Pincus Cashman* for landlord.

*Isaac Gluckman* and *George Weisbrod* for tenant.

CHIMERA, J. It is not disputed that the rent payable by the tenant on the " freeze " date (March 1, 1943) was $178.75 per month; that commencing with the month of February, 1945, tenant paid 15% above the " freeze " date amount, or $205.57 per month. Conceded also, is the fact that in June of 1945, landlord commenced a proceeding under section 4 of the Commercial Rent Law (L. 1945, ch. 3) as a result of which, the Supreme Court fixed the reasonable rent at 27½% above the base rent of March 1, 1943, or $227.91 per month. The last amount has been paid by tenant to the landlord since January, 1946.

This is a nonpayment summary proceeding in which the landlord seeks to recover the subject commercial space by reason of the tenant's refusal to pay the difference between $227.91 and $262.10 claimed to be due pursuant to the 1953 amendments to the emergency statutes. (Commercial Rent Law, L. 1945, ch. 3, as amd.)

The question simply put, is : — Does the law as it is presently constituted, authorize this landlord to demand and receive an additional 15% increase of rent?

The increase of rent authorized by subdivision (e) of section 2 of the Commercial Rent Law, as amended by chapter 451 of the Laws of 1953, is applicable only to that class of tenants who on and after January 1, 1947, were paying no more than the emergency rent, specifically defined in the statute itself (*supra*): " (e) ' Emergency rent.' The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent    *    *    *."

In other words, increase is permissible only as to persons who were on or after January 1, 1947, paying no more than " *such emergency rent without an increase pursuant to any of the provisions of this act    *    *    *.*" (Italics ours.)

In such a case as is here presented, where the landlord was receiving a rental in excess of the " emergency rent " as in said statute defined, no additional increase may be granted.

The insertion in the statute of the 1947 date has been the source of much confusion in the minds of lawyers and laymen alike, but the intention of the Legislature is clear when one reads the report of the State commission dated March 5, 1953. " It is recommended, therefore, that so-called ' statutory ' tenants, i.e., tenants whose leases have expired and who continue in occupancy under the emergency statutes merely by paying the emergency rent, who have not volunteered to pay or whose landlords have refrained from compelling them to pay an increase in rent pursuant to appropriate provisions of the emergency acts, pay an increase in rent of 15% exceeding the amount of the emergency rent." (Report, State Temp. Comm. to Study Rents and Rental Conditions, N. Y. Legis. Doc., [1953] No. 43, pp. 19–20.)

The question must be answered in the negative.