In the Matter of the Estate of WILLIAM RAPPOPORT, Deceased.

Surrogate's Court, Kings County, February 9, 1954.

*Bernard Joseph Rubenstein* for Lewis J. Rappoport, petitioner.

*Sadie Rappoport,* petitioner in person.

*Jacob Shientag* for Eva Rappoport, respondent.

RUBENSTEIN, S. This is an application for letters of administration by decedent's son and the latter's mother, who claims to be the widow of decedent. Issue has been joined by the answer of respondent, who alleges that she is the widow of decedent.

At the hearing, petitioner Sadie Rappoport proved her marriage to decedent and that her copetitioner is the only issue of

said marriage. Petitioners introduced in evidence, without objection, certified and authenticated copies of the application for a marriage license, birth certificate of decedent's son and the original certificates of the civil and religious marriage between petitioner and decedent in this State on November 28, 1928.

Respondent concedes petitioner's marriage to decedent and that Lewis is the issue of said marriage but alleges that she married decedent on June 27, 1942, in the State of Connecticut and by virtue thereof is decedent's widow.

Petitioners objected to respondent's testimony with respect to her conversations with decedent regarding said marriages, on the ground that respondent was incompetent to so testify under section 347 of the Civil Practice Act. Petitioners further objected to the respondent's offer in evidence of the purported certificate of the Connecticut marriage and moved to strike out the testimony and said certificate. Decision upon said motions was reserved by the court.

Respondent was incompetent to testify with respect to conversations with decedent and concerning her marriage to him (Civ. Prac. Act, § 347; *Matter of Kelly*, 238 N. Y. 71, 79). The objection to such testimony is sustained and it is stricken from the record. Such incompetent testimony may not be substituted for proof of a valid second marriage to decedent (*Fisk* v. *Holding*, 163 App. Div. 85, 87; *Clift* v. *Moses*, 112 N. Y. 426, 435, 436).

The purported certificate of marriage between respondent and decedent in Connecticut is not authenticated as required by section 398-b of the Civil Practice Act. This certificate consists of a printed form with blanks filled in by pen and ink. There is no official seal to establish the situs where it was made or of the person who signed it as a ''Justice of the Peace''. Accordingly, the motion to strike out said certificate is granted.

The complete failure of respondent to prove her marriage to decedent makes it unnecessary to consider the laws of Connecticut or any presumptions which may flow from a second marriage. The allegations contained in the pleadings, affidavits and bill of particulars do not constitute proof (*Matter of Court & Remsen Building Corp.*, 303 N. Y. 358, 360; *Ziegler* v. *International Ry. Co.*, 232 App. Div. 43; *Ouriel* v. *Di Fiore*, 155 Misc. 421, 423; Rules Civ. Prac., rule 166; Surrogate's Ct. Act, § 316).

The court determines that petitioners are entitled to letters of administration (Surrogate's Ct. Act, § 118) and respondent's objections are dismissed.

Proceed accordingly.