In the Matter of ALIBEL CORPORATION et al., Appellants. COMPO SHOE, INC., et al., Respondents.

First Department, December 21, 1954.

*Leon London* for appellants.

*Howard Rosenberg* of counsel (*Robert J. Eliasberg, Murray Miller, Howard A. Rosenberg* and *Reuben J. Aronson,* attorneys), for respondents.

BREITEL, J. This is a proceeding to fix the reasonable rent of office space under subdivision 1 of section 4 of the Business Rent Law (L. 1945, ch. 314, as last amd. by L. 1954, ch. 447). Landlord appeals from an order denying modification of a notice by tenant to examine the landlord before trial with respect to post-petition increases in rental income.

Landlord's petition alleged increases in taxes and payroll expenses accruing subsequent to the filing of the petition. In connection with the examination before trial, tenants contend that, because of landlord's reliance upon post-petition increases in expenses, they, the tenants, are entitled to inquire into and offset equally prospective increases in rental income.

It is not too clear in the statute, nor has it been uniformly apparent in the decisions, whether the fixing of the reasonable rent under the emergency laws contemplates any examination of prospective income and expenses, and, if so, the extent to which such prospective changes should be considered.

The statute provides initially that the landlord is entitled to a reasonable rent " based on the fair rental value of the tenant's business space as of the date the application * * * is made and the landlord shall be entitled to receive rent so fixed dating from the time of such application " (§ 4, subd. 1). This gives us the basis or standard imposed by the statute. What follows in subdivision 1 of section 4 relates to the procedure to be followed in applying that standard.

There is no provision in the statute which says, in so many words, that the fixing of the fair rental value, and thereafter the reasonable rent, should be based upon the income and expenses for the preceding year. There is, however, express and unambiguous provision that the landlord is obligated to serve upon the tenant a verified bill of particulars which will set forth the

data as to income and expenses for the preceding year (§ 4, subd. 1). This has been on occasion, however, construed to mean that the duty to particularize does not limit the determination of fair rental value to the state of facts as it existed in the year preceding the application. On the other hand, the view, on fewer occasions, has been expressed that the application date is an impenetrable barrier so far as the future is concerned and that the fair rental value is to be fixed looking solely to the actual and fully realized economic operations for the preceding year as if it were a base year. (*Matter of 212 Fifth Ave. Corp. [Affiliated Clothiers]*, N. Y. L. J., April 4, 1951, p. 1212, col. 8.) In fact, the preceding year has frequently been referred to as the " base year ", although the statute never uses the latter term or its equivalent. But the statute does state, that, in addition to setting forth the income and expense data for the preceding year, the landlord may add " such other facts as the landlord claims affect the net income of the entire building or other rental area, or the reasonableness of the rent to be charged " (§ 4, subd. 1).

An examination of the critical decisions indicates that the courts have decided as follows: Where, in the year prior to the filing of the petition, there has occurred a change in circumstances affecting continuing or recurring expenses and the change is fixed, the courts will give effect to the change, although it is also prospective in impact and not fully reflected on an annual basis in the particulars of the expenses for the preceding year supplied by the landlord. Thus, in *Matter of Stabler (Knox Studios)* (275 App. Div. 799), where the liability of the landlord for increased wages and real estate taxes became fixed in amount and determined as to obligation during the year preceding the application, this court permitted the full inclusion of the increases in these items in the computation of reasonable rent, even though the impact of a portion of these expenses was not to be felt until during the succeeding year. (Accord: *Matter of 140 Bleecker St. Corp. [Potlow]*, 284 App. Div. 257; *Matter of 23 West St. Corp. [Gibbs & Cox]*, 278 App. Div. 795, revd. on other grounds, 303 N. Y. 404.) Similarly, post-petition changes in income — where those changes have occurred and become fixed and determined sometime during the year preceding the filing of the petition — have also been used in the process of computing a reasonable rental, although part of the effect of these changes is experienced in the period beyond the date of the application. (*Matter of Cara Realty Corp. [Katz]*, 282 App. Div. 700; cf. *Matter of Court & Remsen Bldg. Corp.*

[*Arthur Arnow, Inc.*], 280 App. Div. 793; *Matter of Fifth Madison Corp.* [*Gilden*], 276 App. Div. 831, affd. 301 N. Y. 772.) On the other hand, the courts have almost invariably rejected the inclusion of post-petition changes in expenses or income which both had accrued and arisen after the date of the petition. (*Matter of Cedar-Temple Realty Corp.* [*Astor*], 86 N. Y. S. 2d 367, mod. 276 App. Div. 139 (income); *Matter of Flatto* [*Sandler*], 279 App. Div. 714 (income); *Matter of 161 Columbus Ave. Corp.* [*Varob*], 279 App. Div. 1002 (income); cf. *Matter of Court Square Bldg.* v. *City of New York,* 298 N. Y. 380 (income); compare, however, *Matter of Broaduane Corp.* [*Continental Stationery Co.*], N. Y. L. J., Jan. 23, 1952, p. 307, col. 5, where the court, in searching for a formula to cover fixed and determined income and expenses, seems to have gone somewhat further than the rule set forth herein.) Thus, for example, in the *Flatto* case (*supra*) where the application was made in May, 1950, this court held it was error to consider increases in rental income fixed as to amount and determined as to obligation subsequent to the date of the application and which were paid for the first time in February, 1951.

The emergency statute has now been in effect for almost ten years and there have been many decisions fixing rentals based upon earlier holdings. The statutes have been the subject of annual review by the Legislature, so that an interpretation of a provision which has not been changed by succeeding legislation would seem to fairly represent its proper statutory meaning.

Thus, the situation presented is a most appropriate one for the application of the principle of *stare decisis.* The decisions are reconciled, even if every detail of what has been written is not, if we view the statute as requiring the fixing of the fair rental value as of the date of the application, in the process of which the most relevant factors are the items of income and expenses embraced in the landlord's bill of particulars supplied for the preceding year. Changes in circumstances having prospective effect but fixed in amount and determined as to obligation or liability prior to the filing of the petition would also be relevant and material. This permits substantial equities to be satisfied, without injecting speculative issues or the complexity of a full valuation proceeding. To permit changes in circumstances initiated after the petition is filed and before trial may introduce involved issues with uncertain results. It also may unfairly affect the landlord and other tenants, since the changed circumstances may have resulted from negotiation and

settlement with such other tenants after application but before trial.

It follows, therefore, that, if to some extent the eliciting of changes in expenses and income having an effect after the filing of the petition would be relevant to the fixing of the fair rental value, an examination before trial with reference to such subject matter may be material and necessary.

Accordingly, the order denying the motion to modify the tenant's notice of examination before trial of the landlord should be affirmed, but of course, the examination will proceed subject to the views expressed herein, namely, as to income fixed in amount and determined as to obligation or liability prior to the filing of the petition.

CALLAHAN, J. (dissenting in part). The only question on this appeal is whether an examination before trial as to income received and expenses paid by the landlord should be limited to the period prior to the return date of a petition for a rent increase in business property.

The petition alleged increased expenses for the year ensuing the date of application. Landlord later sought to withdraw that allegation.

Examination before trial has been ordered as to both income and expenses subsequent to the date of application.

In my opinion the examination at least as to income should be limited to sums received up to the date of the application.

The statutory scheme (see Business Rent Law, § 4, subd. 1; L. 1945, ch. 314, as amd. by L. 1954, ch. 447) contemplates the fixation of reasonable rents as of the date of application rather than the date of trial (*Matter of Flatto* [*Sandler*], 279 App. Div. 714; *Matter of 161 Columbus Ave. Corp.* [*Varob*], 279 App. Div. 1002; *Matter of Cara Realty Corp.* [*Katz*], 282 App. Div. 700).

An 8% return is allowed after meeting the costs of maintenance and operation of the property, including taxes. The statute calls for the service of a bill of particulars setting forth the income from the property *during the preceding year,* including the rental charged each tenant. The bill must also set forth the costs of maintenance and operation of the building or other rental area *during the preceding year.*

While the statute does not require the court to accept the precise sums spent in the prior year, actual experience must be given great weight. The amounts expended must be given

due consideration where not unreasonable, arbitrary or capricious. Due consideration may also be given to nonrecurring items and an appropriate apportionment made (*Schack* v. *Handel,* 271 App. Div. 1).

Because expense items are subject to the considerations thus indicated, proof is sometimes admissible as to subsequent expenses insofar as the same may throw light on these matters.

Income, however, has less flexibility. Actual income at the date of application computed on a yearly basis would control (*Matter of Court Square Bldg.* v. *City of New York,* 298 N. Y. 380, 388). Exception might be made, if it appear that the landlord designedly avoided obtaining higher income or charged less than the fair value for self-occupied space. Rent received after the date of application would throw no light on these issues of genuineness with respect to income. Therefore, there is no need nor would it be proper to inquire into the subsequent rents by examination before trial.

If subsequent income could be considered on an application like the present, it might well be that a petition for an increase would be denied because some tenants, after the return date of the petition, voluntarily paid increased rents. Such a denial would be wholly unjustified. Therefore, it would only tend to confuse the issues to examine into subsequent receipts, which are not material or necessary.

Cases such as *Matter of Stabler (Knox Studios)* (275 App. Div. 799) which involved expense fixed and becoming a charge before the return date of the petition, are not relevant. In fact, none of the cases cited by the majority appear to relate to examinations before trial, and none expressly hold that subsequent income is material to a determination fixing a rent increase. Thus, *Matter of Cara Realty Corp. (Katz)* (282 App. Div. 700, *supra*) and *Matter of Fifth Madison Corp. (Gilden)* (276 App. Div. 831, affd. 301 N. Y. 722) both held that income is to be determined as of the date of the commencement of the proceeding. In *Matter of Court & Remsen Bldg. Corp. (Arthur Arnow, Inc.)* (280 App. Div. 793) the Appellate Division, Second Department, merely held that neither party was aggrieved so as to warrant reversal on appeal where proof had been received of subsequent income and expense, and one offset the other.

If examinations before trial are to be approved in rent increase applications, which are intended to be summary in nature, at least they should be limited to matters material and necessary to the issues involved (Civ. Prac. Act, § 288).

I vote to modify the order appealed from to limit the examination as to income to the date of application for an increase.

PECK, P. J., and BOTEIN, J., concur with BREITEL, J.; CALLAHAN, J., dissents in part, in opinion in which COHN, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondents. The date for the examination to proceed shall be fixed in the order which, of course, will proceed in accordance with the opinion herein. Settle order on notice.