MOISES COSIO CORP., Landlord, *v.* J. FINKELSTEIN, Doing Business as MIDTOWN DENTAL LABORATORY, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, April 27, 1955.

*John A. Hoyt, Jr.,* for landlord.
*Samuel Robert Weltz* and *Lester Alan Baron* for tenant.

WAHL, J. This summary proceeding was instituted by the landlord of an office building at 147 West 42d Street, Manhattan, to recover possession for nonpayment of rent. The tenant in his answer counterclaimed for alleged excess rents paid. It presents a convoluted question of law affecting also a number of other tenants similarly situated, as to whom their counsel have stipulated that this court's determination of the question of law in this proceeding shall be binding in all other pending summary proceedings which were consolidated herewith for trial.

The facts in this proceeding are identical to the facts in each of the other proceedings, except for the specific space involved and the dollar amount of the original emergency rent for each tenant. In this proceeding, the tenant's rent on June 1, 1944, was $60 per month. The original emergency rent was, therefore, $60 plus 15% amounting to $9, making a total original emergency rent of $69, as defined in subdivision (c) of section 2 of the Business Rent Law, as originally enacted by chapter 314 of the Laws of 1945, in effect March 28, 1945. The tenant has at no time paid a voluntary increase. The only increase pursuant to any other provision of the act was by an order of the Supreme Court in New York County on December 17, 1954, in a proceeding under section 4 commenced in July, 1952, which fixed the reasonable rent as of July 1, 1952, at 4½% above the original emergency rent of $69, amounting to $3.11 per month, making a total of $72.11.

While the Supreme Court proceeding was still pending and undetermined, the emergency rent law was amended and re-enacted by chapter 452 of the Laws of 1953, in effect April 2, 1953. The 1953 statute amended subdivision (c) of section 2 so as to add to the definition of emergency rent that '' with respect to a tenant who, since January first, nineteen hundred forty-seven, has paid such emergency rent without an increase pursuant to any of the provisions of this act, and in any such case such emergency rent, plus fifteen per centum '' thereof. The landlord thereupon, as of April 1, 1953, demanded and the tenant paid an increase of 15% of $69, amounting to $10.35, making a total of $79.35. In 1954 the emergency rent law was again amended and re-enacted by chapter 447 of the Laws of 1954, in effect May 1, 1954. The 1954 statute amended the 1953 amendment to subdivision (c) of section 2 so as to provide for an equalization increase of 15%; that is, if any tenant was paying the original emergency rent (freeze date rent plus 15%) without an increase in excess of 15%, the original emergency rent was

increased by a full 15% thereof, and the tenant's rent was accordingly increased by his deficiency in paying such full increase. The relations between the parties were unaffected by the 1954 amendment, since the Supreme Court order was not yet to be made until December 17, 1954, and the tenant continued to pay at the rate of $79.35 per month until the end of the year.

There would be no problem in this proceeding, except for the intervening Supreme Court order on December 17, 1954, fixing the reasonable rent as of July 1, 1952, at 4½%, or $3.11, above the original emergency rent of $69, making a total of $72.11. Commencing with January, 1955, the tenant refused to pay the rent of $79.35 which it had been paying since April, 1953.

The landlord started this proceeding in March, 1955, for January, February and March, 1955 rent at $79.35, totaling $238.05. The landlord complicated the proceeding by claiming further, under the Supreme Court order, the sum of $3.11 per month for 30 months from July, 1952, to December, 1954, totaling $93.30. The tenant responded in like manner by counterclaiming for the difference between $79.35 and $72.11, amounting to $7.24 per month, for the period from April 1, 1953 to April 30, 1954, or 13 months times $7.24, totaling $94.12, arguing that the Supreme Court order of December 17, 1954, being retroactive to July 1, 1952, is binding during the period that the 1953 statute was in effect, and that the 1953 law is not therefore applicable during such period. The tenant also disputes the landlord's right to collect $3.11 per month during the period from May 1, 1954 to December 31, 1954, arguing that the 1954 statute, in effect May 1, 1954, is an equalization statute at 15% of the original emergency rent, so that this increase of $3.11, being 4½% of the original emergency rent of $69, unless merged into this 15% statutory increase, would give the landlord a 19½% increase, since the tenant has already paid at the rate of $79.35 for that period, being 15% above the original emergency rent of $69.

Certain of the issues can be disposed of at the outset. Clearly the monthly rent of $79.35, being 15% above the original emergency rent of $69, as established by the 1954 statute, is collectible for January, February and March, 1955. The tenant does not dispute this. Clearly also the landlord is not entitled to collect the $3.11 per month since May 1, 1954, when the 1954 statute became effective, because the Supreme Court's order was an award of 4½% above the original emergency rent of $69 and was not intended to be an award of a percentage above the 1954 statutory emergency rent. The landlord is inconsistent in urging that the Supreme Court order of December 15, 1954,

speaks as of July 1, 1952, and therefore the $3.11 monthly increase is collectible from that earlier date, and at the same time urging that the order speaks as of December 17, 1954, and therefore the $3.11 is collectible in addition to the 15% equalization increase under the 1954 statute up to December 31, 1954, but not in 1955. If the order speaks as of July 1, 1952, for any purpose, it does so for all purposes and its date of making and entry is merely fortuitous. The 4½% increase being effective prior to May 1, 1954, it was merged on that date into the 15% equalization increase granted by the 1954 statute. (See Report, State Temp. Comm. to Study Rents and Rental Conditions, N. Y. Legis. Doc., [1954] No. 58, p. 13.) Finally, there is no question that the landlord is entitled to recover at the rate of $3.11 monthly from July 1, 1952, the date of the commencement of the Supreme Court proceeding, until March 31, 1953, just prior to the effective date of the 1953 statute. The Supreme Court's order is necessarily retroactive to the date of commencement of the proceeding. (*Matter of Flatto* [*Sandler*], 279 App. Div. 714.)

The remaining issues involve the conflict between the application of the Supreme Court order to the period between April 1, 1953, the effective date of the 1953 statute, and April 30, 1954, after which the 1954 statute became effective, with the 1953 statute, which was effective during that period. What was the emergency rent during that period? If the order is determinative, then the landlord was only entitled to $72.11 per month and the tenant overpaid by $7.24 per month during that period. If the 1953 statute is determinative, the landlord was entitled to collect $79.35 per month during that period, as it did, but is then not entitled to the $3.11 per month additional during that period.

This court finds no difficulty in deciding that the Supreme Court order of December 17, 1954, retroactive by its terms to July 1, 1952, was effective thereafter during the period from April 1, 1953 to April 30, 1954. As already stated, the only reason why the $3.11 is not collectible after May 1, 1954, is because the 1954 amendment made the second 15% increase an equalization increase, giving credit for any smaller increase granted after January 1, 1947, so that the landlord was entitled to receive $79.35 monthly inclusive of this $3.11. But during the period that the 1953 statute was effective, the courts have consistently held that any increase whatsoever above the original emergency rent precluded the applicability of the 1953 statute. (*D & R Realty Corp.* v. *Gluckman & Strauch,* 203 Misc. 1126;

*Plaza Jewelers* v. *Radcliffe Associates,* 127 N. Y. S. 2d 580.) It follows therefore that during the period from April 1, 1953 to April 30, 1954, the landlord is entitled to $72.11 and no more.

It does not necessarily follow, however, from the foregoing determination, that the tenant is entitled to recover $7.24 monthly, the difference between $79.35 and $72.11, during the period that the 1953 statute was effective. At the time of such collection of $79.35 monthly, that was the legally collectible rent under the 1953 statute. It would be inequitable to now require the landlord to repay the excess over $72.11 because the subsequent Supreme Court order on December 17, 1954, is technically retroactive to July 1, 1952. The monthly sum of $79.35 was collected in good faith under the then applicable statute and paid without protest. (*Crawford Clothes* v. *Kaufman-8th Ave. Corp.,* 201 Misc. 1026, affd. 281 App. Div. 968.)

This court concludes that the landlord is entitled to a final order against the tenant for nonpayment of rent at $79.35 per month for the months of January, February and March, 1955, totaling $238.05, plus the sum of $3.11 per month, under the Supreme Court order of December 17, 1954, for eight months from July 1, 1952 to March 31, 1953, totaling $27.99, making in all the sum of $266.04, and that the tenant's counterclaim be dismissed, without costs.

Settle final order on notice in all proceedings before the court.