In the Matter of WILLIAM F. CHATLOS, Respondent. BERNSTEIN MACAULAY, INC., et al., Appellants, et al., Defendants.

First Department, May 22, 1956.

*Isaac M. Barnett* of counsel (*Silver, Saperstein & Barnett,* attorneys), for Lester Harrison, Inc., appellant.

*Samuel Lawrence Brennglass* of counsel (*Bernard I. Kamen,* attorney), for Bernstein Macaulay, Inc., and others (*Irving Bloomberg,* attorney), for Herman A. Elberth and another, appellants.

*Myron Kommel* of counsel (*Bernard M. Kommel* with him on the brief; *Kommel & Rogers,* attorneys), for respondent.

*Per Curiam.* The final order of Special Term fixed the reasonable rental for office space pursuant to subdivision 1 of section 4 of the Business Rent Law (L. 1945, ch. 314, as amd.) on application by the landlord filed November 29, 1954. Tenants immediately demanded a bill of particulars pursuant to the statute setting forth the landlord's income and expenses during the 12 months immediately preceding the application date, that is, from November 1, 1953 to November 1, 1954. The bill served by the landlord, however, listed his expenses and income for the preceding calendar year January 31, 1953 to December 31, 1953, and this was accepted by the tenants, although they properly contended at the hearing that the landlord should submit the figures for the controlling period. The court rejected this contention and based its findings on the bill figures. This was error. The determination should have been based on the expenses and income for the 12 months immediately preceding the filing of the petition.

The learned court improperly considered post-application increases in expenses, which were not fixed in amount or determined in obligation at the time the application was filed. This court in *Matter of Alibel Corp.* (*Compo Shoe*) (285 App. Div. 140, 143) per BREITEL, J., stated: "The decisions are reconciled, even if every detail of what has been written is not, if we view the statute as requiring the fixing of the fair rental value as of the date of the application, in the process of which the most relevant factors are the items of income and expenses embraced in the landlord's bill of particulars supplied for the preceding year. Changes in circumstances having prospective effect but fixed in amount and determined as to obligation or liability prior to the filing of the petition would also be relevant and material."

The landlord should be directed to serve an amended bill of particulars covering the period from November 1, 1953 to November 1, 1954.

The order should be reversed and the matter remanded to Special Term for a new trial.

PECK, P. J., RABIN, COX and FRANK, JJ., concur.

Order unanimously reversed and the matter remanded to Special Term for a new trial. Settle order on notice.